HEYDT-MUGLER COMPANY, INC., Plaintiff, *v.* WESTERMAN CONSTRUCTION CORPORATION et al., Defendants.*

City Court of the City of New York, Special Term, New York County, February 7, 1947.

*Alfred W. Bergren* for defendants.

*Lester Grossman* for plaintiff.

COLEMAN, J. The plaintiff, in the business of shoring and underpinning buildings, was employed by the defendant, Westerman, to shore two buildings which had become insecure by

---

* For opinion on reargument, see 189 Misc. 199.— [REP.

the collapse of a third building that had been standing between them. Westerman had been retained by the owners of the third building to do this work, but acting for itself and in behalf of the owners, who are also defendants, it employed the plaintiff to do it under an agreement which called for the payment by Westerman and the owners of rental for materials and equipment supplied by the plaintiff. The equipment was put in place early in 1945 and still remains there. The owners paid rental to July 31, 1945, when they sold the building and the plaintiff now sues the owners and Westerman for rental since that date. The defendants in turn move under section 193 of the Civil Practice Act (L. 1946, ch. 971, § 3, eff. Sept. 1, 1946) to bring in as " indispensable " defendants the two successive owners of the property. Their contention is that upon the sale of the property their liability, certainly that of the owners, for rental ceased, and that the subsequent owners are responsible to the plaintiff either because they have assumed liability or as a matter of implied agreement.

This motion is opposed by the plaintiff on the ground that whatever liability the succeeding owners may have to them is of no concern to the present defendants; that so far as this litigation is concerned the presence of the succeeding owners is not " indispensable " to the effective determination of the controversy that has arisen between plaintiff and these defendants (§ 193). And of course it is correct in this. The new section broadens the definition of the term " indispensable party ", even including litigants in an action at law. But whatever the term now means the new owners can in no way be included in it. The plaintiff's claim is under a contract which it made only with the defendants whom it has sued and it cannot be required to bring into the action persons against whom it asserts no rights and from whom it seeks no recovery, however ill-advised it may be in not asserting those rights and whatever its reasons for not doing so. A plaintiff may ordinarily choose whom he will sue, and the enactment of the new section 193 of the Civil Practice Act does not change the situation. Perhaps all owners, former and present, are liable to the plaintiff; but the plaintiff has its choice and may limit itself to a cause of action against those whom it has named. It may be that the former owners are not liable for the rental that accrued after they sold the property; but if so then the plaintiff will simply not recover against them. If proof by the former owners that they have sold the property exonerates them from further liability that

is all the proof they need. If the new owners "assumed" the liability of the defendants without discharging them, any obligations of the defendants are unaffected. And again, if the "assumption" of liability did discharge the defendants, the latter will prevail in this action. Clearly some nexus should be established between defendants and others with relation to a plaintiff's claim, before a plaintiff should be required to bring those others in. But there is nothing of the sort here; each one's liability may be determined separately and completely. The absence of the succeeding owners will not change or affect the issues as between plaintiff and defendants or determine their outcome or prejudice the defendants' position in any respect.

It may be that the defendants have a remedy under section 193-a of the Civil Practice Act (L. 1946, ch. 971, § 4, eff. Sept. 1, 1946, "Third-party practice"), which permits them to "bring in a person not a party to the action, who is or may be liable to him for all or part of the plaintiff's claim against him  *  *  *." But this is in no way related to the presence of those added defendants in the litigation between the plaintiff and the present defendants; it merely affords an opportunity for the assertion of a claim by these defendants against the new owners.

The motion is denied.

Settle order.