HEYDT-MUGLER COMPANY, INC., Plaintiff, v. WESTERMAN CONSTRUCTION CORP., Defendant.

City Court of the City of New York, Special Term, New York County, April 14, 1947.

*Lester Grossman* for plaintiff.

*Sincerbeaux & Shrewsbury* for defendant.

COLEMAN, J. In denying the original motion (188 Misc. 546), I held that the parties sought to be brought in are not " indispensable " within the meaning of section 193 of the Civil Practice Act, and I see no reason to change my mind in that respect. It was upon the ground that they were " indispensable " that the defendants made their motion. Upon the motion for reargument, I have considered whether those parties are " conditionally necessary parties " who might be brought in. Assuming that they are proper parties, they are not for that reason conditionally

necessary parties (Twelfth Annual Report of N. Y. Judicial Council, 1946, p. 168). Subdivision 1 of section 193 defines a "conditionally necessary party" as "A person who is not an indispensable party, but who ought to be a party if complete relief is to be accorded between those already parties * * *."

It seems to me that the bringing in of these new parties would not aid in according complete relief "between those already parties", but might aid in according such relief between the present defendants and those new parties, and I repeat the suggestion I made in my earlier opinion as to the advisability of proceeding under section 193-a of the Civil Practice Act.

The motion to reargue is granted; and upon reargument my original ruling stands. The stay contained in the order to show cause is vacated.

Order signed.